# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF GEORGIA

# SAVANNAH DIVISION

| | |
|---|---|
| HATTIE L. GETTIS, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. CV413-240 |
| ASCENT HOSPITALITY MANAGEMENT CO., and JOHN TAMPA, | ) ) ) ) ) |
| Defendants. | ) |

## ORDER

Presently before the Court in this breach of contract and employment discrimination case is plaintiff Hattie Gettis's motion to compel further responses to interrogatories and document production requests. (Doc. 26.) She also moves for an extension of the discovery period. (*Id.*)

On April 25, 2014, Gettis filed an amended complaint adding claims that defendants violated Title VII of the Civil Rights Act of 1964 by terminating her based upon her race and for retaliating against her for filing an EEOC race discrimination charge. (Doc. 22 at 7-8.) After defendants submitted their answer (doc. 25), it became apparent that

they intended to challenge Ascent Hospitality Management Company's ("Ascent") status as a Title VII "employer."[1] In an e-mail exchange, defendants' counsel states

> Yes, both the corporate Defendant and the individual Defendant are contesting whether either is covered by Title VII. John Tampa is an individual and not Plaintiff's employer. The corporate entity that Plaintiff insisted was her employer and who signed the written employment contract has approximately 8 employees and is the only entity named in the EEOC Charge if my memory is correct.

(Doc. 26-2 at 2.) Thereafter, defendants made clear that they would not provide "discovery into matters related to nonparty hotel entities at which Plaintiff never worked" in order for plaintiff to obtain evidence supporting a theory of joint employer liability under Title VII. (Doc. 27 at 2.) According to defendants, such "requests are beyond the scope of discovery in that none of these hotel entities are named defendants, and there is no allegation in Plaintiff's Amended Complaint that supports a theory of joint employment." (*Id.*; *see e.g.*, doc. 26-6 at 9 (one of many of defendants' objection to production of any "joint employer" discovery).) In fact, defendants cast the requests as a "pure fishing expedition," and

---

[1] Title VII defines "employer" as "a person engaged in an industry affecting commerce who has fifteen or more employees for each working day in each of twenty or more calendar weeks in the current or preceding calendar year, and any agent of such a person." 42 U.S.C. § 2000e(b).

2

stated that plaintiff should submit some evidence supporting "a plausible theory of joint employer . . . to support her written discovery requests." (Doc. 26-16 at 4.) Absent allegations in the complaint supporting an inference that Ascent is a joint employer with either SpringHill or Fairfield, defendants reason that they are simply not required to respond to discovery requests pertinent to that issue. (Doc. 27 at 11.)

The Court disagrees. At the outset, neither defendants nor the Court have found cases directly on point stating that a plaintiff is *required* amend her complaint to pursue such discovery. Quite the opposite, in fact. In a similar case, the court permitted "single employer" discovery to continue over defendant's objection that plaintiff had failed to name a related businesses in the complaint:

> Defendants argue TJL operates and is managed independently from other businesses, including other Double T Diner-related businesses. In addition, Defendants claim Plaintiff is barred from pursuing a "single employer" theory because she neither named all Double T Diner-related businesses in her EEOC complaint, nor joined the other entities as defendants in this lawsuit. . . .
>
> Inherent in these discovery disputes is the uncertainty surrounding TJL's ownership and management structure. To prevent Carr from investigating the ownership structure of her employer would be to prevent her from knowing whom to sue. Where information supporting a "single employer" theory comes to light through the course of discovery, a plaintiff may rely upon such evidence and join parties necessary to support the theory, so long as

the plaintiff has good cause to do so. *See id.* at 770–71; *EEOC v. AMX Communications*, Civil No. WDQ–09–2483, 2010 WL 2651570, at *4–6 (D. Md. June 30, 2010). Thus, Carr is entitled to investigate and seek discovery regarding TJL's management and ownership.

*Carr v. Double T Diner*, 272 F.R.D. 431, 434 (D. Md. 2010). There are several different ways one may go about aggregating multiple businesses in order to overcome the 15-employee hurdle, but here the Court would likely apply the "single employer" or "integrated enterprise" test:

> where two ostensibly separate entities are "'highly integrated with respect to ownership and operations,'" we may count them together under Title VII. *McKenzie[ v. Davenport-Harris Funeral Home*, 834 F.2d [930,] 933 [(1987)] (quoting *Fike v. Gold Kist, Inc.*, 514 F. Supp. 722, 726 (N.D. Ala.), *aff'd*, 664 F.2d 295 (11th Cir. 1981)). This is the "single employer" or "integrated enterprise" test. . . . In determining whether two non-governmental entities should be consolidated and counted as a single employer, we have applied the standard promulgated in NLRA cases by the National Labor Relations Board. *See, e.g., McKenzie*, 834 F.2d at 933. This standard sets out four criteria for determining whether nominally separate entities should be treated as an integrated enterprise. Under the so-called "NLRB test," we look for "(1) interrelation of operations, (2) centralized control of labor relations, (3) common management, and (4) common ownership or financial control." *Id. See also Radio and Television Broad. Technicians Local Union 1264 v. Broadcast Serv. of Mobile, Inc.*, 380 U.S. 255, 256, 85 S.Ct. 876, 877, 13 L.Ed.2d 789 (1965)

*Lyes v. City of Riviera Beach, Fla.*, 166 F.3d 1332, 1341 (11th Cir. 2009) (footnotes omitted).

4

A perusal of the documents attached to plaintiff's motion suggests that defendants are cogs in a quite complex organizational arrangement. Gettis was both hired and fired by John Tampa, Ascent's owner and manager. (Doc. 26-5 (salary and incentive agreement between Gettis and Tampa as manager of Ascent).) Tampa also has ownership interests in twelve companies that, in turn, own fourteen hotels: (1) Atmore Hospitality, LLC; (2) Denton-Tex, LLC; (3) J&N Hospitality, LLC; (4) Vision Hospitality, LLC; (5) Birmingham Hospitality, LLC; (6) Statesboro Hotels, LLC; (7) Tupelo Hotels, LLC; (8) Hope Hull Hospitality, LLC; (9) I-95 Hospitality, LLC; (10) Enterprise Hospitality, LLC; (11) P&T Hospitality, LLC; and (12) New Albany Hospitality, LLC. (Doc. 26-18 at 2-3.) While Gettis was employed by Ascent, she worked as the regional director of sales for a Fairfield Inn and SpringHill Suites respectively held by Tampa's Statesboro Hotels, LLC and I-95 Hospitality, LLC. (Doc. 26-18 at 23, 44-55.) It is clear that plaintiff was in regular contact with the management and staff at both hotels (doc. 26-18), she was directed to "utilize" the staff at both hotels (*id.* at 23), and she even received expense reimbursements from I-95 Hospitality, LLC. (*Id.* at 42.) Moreover, several e-mails between Tampa and the managers

at those hotels show that he was actively involved in their day to day operations. (E.g., doc. 26-18 at 36 (communication between Tampa and the Fairfield Inn's general manager Jennie Linares).)

Plaintiff has provided ample information suggesting that Tampa manages Ascent as well as the two hotels he hired Gettis to serve. Furthermore, it appears that he has an ownership interest in both Ascent and the companies holding those and many other hotels.[2] While it is not for the undersigned to determine whether Gettis prevails under the "single employer" test, she has certainly presented enough information meriting a right to discovery on the issue. It is not unreasonable to suspect that these corporate entities have been concocted to compartmentalize liability and perhaps even to avoid Title VII altogether at least as to Ascent, which appears to be tasked with the overall management of Tampa's many hotels.

Although the Court is satisfied that Gettis has made a sufficient showing to warrant discovery into the joint employer matter, it will not give her *carte blanche* to obtain discovery from "all of the hotels owned in

---

[2] For that matter, Ascent never objected during the EEOC proceedings to its status as a Title VII employer. And when asked by Gettis to identify "each person employed in the sales department at the SpringHill and Fairfield" hotels in interrogatory 23, defendants state that Gettis was the only person employed in the sales department. (Doc. 27 at 16-17.)

whole or in part by Defendant Tampa." (Doc. 26 at 6.) Instead, she will be permitted to obtain discovery from Ascent and Tampa showing the degree of control they exert over Ascent's member hotels, both financial and managerial. In addition, she may obtain discovery from Statesboro Hotels, LLC and I-95 Hospitality, LLC on that issue. There is one additional caveat. If any other sales managers comparable to Gettis either are or have been employed by Ascent, their performance information is relevant and discoverable on the question of defendants' assertion that Gettis underperformed and thus materially breached her contract with Ascent.[3]

The Court thus **GRANTS IN PART** plaintiff's motion to compel discovery. (Doc. 26.) It also **GRANTS** her unopposed request to extend the discovery period. Discovery shall end on December 7, 2014. The civil

---

[3] Several of Gettis's requests seek information that defendants insist they have already satisfied and that no further information exist. Defendants cannot be required to produce information that does not exist. Should plaintiff wish to revisit those matters, she may provide a follow-up motion to compel, explaining why she believes defendants are withholding information.

Defendants have also raised several confidentiality objections. (Doc. 26 at 17, 23, 27, & 32.) If they wish to stand by those objections as to any specific responsive document, they shall submit a log setting forth: (1) the nature of the information, (2) sufficient facts to allow the Court to assess whether the information is due protection, (3) a well-supported legal argument explaining why the information must be withheld, and (4) why a consent protective order will not suffice to enable disclosure.

motions deadline is extended until January 7, 2014.

**SO ORDERED** this 9th day of October, 2014.

_____
**UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA**